Kira M. Rubel (State Bar No. 253970)
**LAW OFFICES OF KIRA M. RUBEL**
krubel@kmrlawfirm.com
555 West Beech Street, Suite 230
San Diego, CA 92101
Tel: (800)-836-6531

*Attorney for Plaintiff Andrew Moroz*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MOROZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A. d/b/a PREMIERE ASSET SERVICES<br><br>　　　　Defendant. | CASE NO. **'15CV1011 AJB WVG**<br><br>COMPLAINT SEEKING RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") [47 U.S.C. § 227] |

　　　1.　Plaintiff ANDREW MOROZ ("Plaintiff" or "Mr. Moroz") brings this lawsuit and alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") against Defendant WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A. d/b/a PREMIERE ASSET SERVICES ("Defendant" or "WFB").

## JURISDICTION AND VENUE

　　　2.　Jurisdiction is appropriate and conferred by 28 U.S.C. §1331 as Plaintiff's complaint alleges claims based upon a federal question.

3. The alleged violations described herein occurred in San Diego County, California because that is where Mr. Moroz received all calls in violation of the TCPA. Therefore, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff is a natural person, and citizen of the State of California, residing in San Diego County, California.

5. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number, (xxx) xxx-8505, as further described below.

6. Defendant is a corporation which was formed in Delaware with its principal place of business in San Francisco, California and conducting business in the state of California. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. dba Premiere Asset Services. Plaintiff alleges on information and belief that each of these entities is an agent, successor, and/or assign of each other and that the wrongdoing committed by one is committed by each of them.

## FACTUAL ALLEGATIONS

7. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (xxx) xxx-8505, and was the called party and recipient of calls from Defendant which violated the TCPA.

8. Plaintiff obtained a home mortgage in approximately November 1999. On his home loan application, he wrote down his home telephone number as his point of contact. He never put his cell phone number on the original application for his mortgage, nor gave his cell phone number at any subsequent time in relation to his mortgage.

9. This home loan was not originated by Wells Fargo Bank, although Defendant later acquired the originating bank and took over service and ownership of the loan.

10. Plaintiff never subsequently gave Defendant his cell phone number ending in 8505.

11. Plaintiff's due date for his mortgage is, and was at all relevant times to the subject matter of this complaint, the 15th of every month. On occasion, he would make his payment within 5 to 14 days after the due date had passed. His loan paperwork identified that the 14 days following his due date every month were a "grace period." The terms of his loan stated that, so long as his payment was received within two weeks of his due date, it would not be deemed a late payment. He relied on this language in making his monthly mortgage payments.

12. Plaintiff never missed a payment. Regardless, in approximately January of 2012, Defendant began its campaign of harassing phone calls to his home, work, and cellular telephone numbers, sometimes calling up to six times per day.

3
**Complaint for Damages**

13.  Each of these debt collection phone calls began with a robot voice ("robo call"), telling Plaintiff to "please hold while we connect you to a representative."

14.  Upon information and belief, Plaintiff also believes that the debt collection calls were placed using an automated telephone dialing system ("ATDS"), without human intervention, because of the frequency of the calls.

15.  Initially, Plaintiff ignored the harassing collection calls because he always intended to pay his mortgage payment within days of receiving the phone calls. However, one time, Plaintiff answered Defendant's call. He spoke with Defendant's agent/representative, and explained that he was going to make his mortgage payment immediately, and that he always paid it within the grace period. Defendant's agent was rude and told Plaintiff that he did not care about the grace period. Plaintiff specifically instructed this agent to stop calling on any of his phone numbers, including his cell phone number.

16.  However, the harassing phone calls to his cell phone, and other phones, continued. After receiving many more calls, Plaintiff again answered his cell phone and, this time, requested to speak with a manager. He specifically instructed the manager to stop calling him on any of his phone numbers, including his cell phone, and to only communicate with him by U.S. Mail. He also informed this manager that he would take legal action against Defendant if the calls continued.

4
**Complaint for Damages**

17. Despite Plaintiff's verbal requests that Defendant stop calling, Defendant continued making its harassing and repeated debt collection calls. Because of Defendant's repeated calls, and because Defendant ignored Plaintiff's requests that it stop calling him about his mortgage, Mr. Moroz finally wrote a letter, which he sent by facsimile, demanding that Defendant stop calling.

18. From January of 2012 through the filing of this Complaint, Plaintiff received hundreds of these automated debt collection calls to his cellular telephone number from the Defendant. In fact, he believes that he received in excess of 200 such calls.

19. Notwithstanding the fact that Plaintiff did not provide Defendant his cellular number at any time, Defendant, or its agents, have called Plaintiff on his cellular telephone via an ATDS, as defined by 47 U.S.C. § 227 (a)(1), and making robo-calls, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

20. Each call Defendant made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention.

21. Each call Defendant made to Plaintiff was made using a robotic or pre-recorded voice. When Plaintiff would answer the phone call, the recording would state "please hold while we connect you to a representative."

22. Defendant initiated each of the calls at issue to Plaintiff's cellular telephone number without the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

23. Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's cellular telephone number were for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

24. The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1). These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

25. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.

26. Despite actual knowledge of its wrongdoing, Defendant continued the campaign of abuse.

27. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

28. Defendant has a corporate policy of dialing cellular telephone numbers using an automatic telephone dialing system or a pre-recorded or artificial voice to individuals, as is evidenced by Plaintiff's allegations.

29. Defendant has a corporate policy of dialing cellular telephone numbers using an ATDS and/or a pre-recorded or artificial voice, and do not provide the consumer with a way to remove the number.

30. Defendant's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals telling the Defendant to stop contacting their cellular telephone number.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

32. Defendant followed its corporate policies when attempting to communicate with the Plaintiff in connection with the debt at issue.

33. Defendant negligently violated the TCPA with respect to the Plaintiff.

34. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

35. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
**(Negligent Violation of the TCPA)**

35. Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

36. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A), because Plaintiff never gave his cellular telephone number to Defendant (or the preceding owners of his loan) during the transaction that resulted in the debt owed.

37. Furthermore, Plaintiff revoked any "prior express consent" Defendant had, or mistakenly believed it had, by verbally requesting that Defendant stop placing calls to his aforementioned cellular telephone number. Plaintiff also revoked his consent in writing, when he sent a letter by facsimile to Defendant, instructing it to stop its harassing calls to his cell phone.

38. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

39. Defendant negligetnly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff is also entitled to and does seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### (Willful and/or Knowing Violation of the TCPA)

41.  Plaintiff re-alleges and incorporates the preceding paragraphs by reference as if fully set forth herein.

42.  None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A), because Plaintiff never gave his cellular telephone number to Defendant (or the preceding owners of his loan) during the transaction that resulted in the debt owed.

43.  Furthermore, Plaintiff revoked any "prior express consent" Defendant had, or mistakenly believed it had, by verbally requesting that Defendant stop placing calls to his aforementioned cellular telephone number.  Plaintiff also revoked his consent in writing, when he sent a letter by facsimile to Defendant, instructing it to stop its harassing calls to his cell phone.

44.  None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

45.  Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's respective cellular telephone

numbers using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, respectfully demands judgment against Defendant for statutory damages and an injunction from similar conduct in the future, costs, interest, and any other such relief the court may deem just and proper.

Date: May 6, 2015         LAW OFFICES OF KIRA M. RUBEL

By: /s/ Kira M. Rubel
By: Kira M. Rubel, Esq.
*Attorney for Plaintiff*
555 West Beech Street, Suite 230
San Diego, CA 92075
Phone: (800) 836-6531
Email: krubel@kmrlawfirm.com

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

10
**Complaint for Damages**